I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:    DATE:    DEPUTY CLERK:
Plaintiff    05/24/2019    N. Boehme

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALLAN SCOTT,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES et al.,<br>        Defendants. | Case No. CV 19-02725-JVS (DFM)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND

In April 2019, Allan Scott ("Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). Plaintiff also sought leave to proceed without prepayment of filing fees. See Dkt. 2. The Court granted Plaintiff's request to proceed without prepayment of filing fees. See Dkt. 4. The Complaint names the following defendants: (1) the County of Los Angeles (the "County"); (2) the Los Angeles County Sheriff's Department ("LASD"); (3) Sheriff James McDonnell; and (4) Deputy Giancarlo Scotti. See Complaint at 3-4. Both individual defendants are named in their individual and official capacity. See id.

Under 28 U.S.C. § 1915(e)(2), the Court must screen the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is

immune from such relief. As discussed below, the Complaint suffers from deficiencies and must be dismissed.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Although Plaintiff is currently detained at the Los Angeles County Jail North Facility, his claims do not pertain to the conditions of his own confinement. See Complaint at 1-2, 5. Instead, Plaintiff's allegations arise out of his fiancée's confinement at the Century Regional Detention Facility ("CRDF") in Lynwood, California. See id. at 5.

Plaintiff alleges that his fiancée, Jennifer Matthews, was pregnant with their son while in custody at CRDF in 2017. See id. at 2. When Matthews was five months pregnant, Scotti raped and sexually abused her while on duty at CRDF. See id. at 2, 5. Matthews reported the events by telephone to Plaintiff, who was not in custody at the time. See id. Upon hearing the news, Plaintiff felt "shocked, hurt, angry, disoriented, and put under duress." Id. at 5. Plaintiff complains that the abuse caused his newborn son to experience health complications, including "Pre-Mature Birth Complex" and breathing issues, and violated his son's constitutional rights under the Sixth, Eighth, and Fourteenth Amendments, as well as his own constitutional rights. Id. Plaintiff also indicates that Matthews has already filed and settled a lawsuit based on the events in question. See id. at 2; see also Matthews v. Cty. of Los Angeles, No. 17-07908 (C.D. Cal. Apr. 16, 2018), Dkt. 34.

Plaintiff seeks compensatory and punitive damages. See id. at 6.

## III. STANDARD OF REVIEW

Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (as amended). The complaint is construed in the light most favorable to Plaintiff and all material allegations are taken to be true. See Love

v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. Before dismissing a pro se civil rights complaint for failure to state a claim, the district court "must give the plaintiff a statement of the complaint's deficiencies." Id.

## IV. DISCUSSION

### A. Official-Capacity Claims

Plaintiff names McDonnell and Scotti in their official capacity. See Complaint at 3-4. Suing an officer in his or her official capacity is "another way of pleading an action against an entity of which the officer is an agent." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 n. 55 (1978). As such, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). If a government entity is named as a defendant, it is not only unnecessary and redundant to name individual officers in their official capacity, but also improper. See Ctr. for Bio–Ethical Reform, Inc. v. L.A. Cty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). Here, LASD is a named

3

defendant and both McDonnell and Scotti are alleged to be employees of LASD. See Dkt. 3-4. Accordingly, Plaintiff's claims against the individual defendants in their official capacity are duplicative and subject to dismissal.

**B.     *Monell* Claims**

A local government entity such as the County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[1] Monell, 436 U.S. at 694. Rather, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. Thus, the County may not be held liable for the alleged actions of its agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690-91.

Despite Plaintiff's allegation that the County acts as "overseer" of all LASD employees, Plaintiff has failed to identify any specific policy statements or regulations of the County, or any officially adopted or promulgated decisions, the execution of which inflicted the alleged injuries. Complaint at 3. Rather, Plaintiff asserts that Scotti's "vindictive misconduct" violated "the [LASD] Manual Codes of Conduct," as well as other "rules" and "guidelines." Complaint at 5. Moreover, aside from describing his fiancée's sexual assault

---

[1] For purposes of this Order, the Court treats Plaintiff's claims against LASD as tantamount to claims against the County. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding that naming municipal department as defendant is not appropriate means of pleading § 1983 action against municipality).

during her confinement at CRDF, Plaintiff has failed to allege facts sufficient for the Court to draw the reasonable influence that the County has a governmental custom of committing the illegal acts alleged. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). The Complaint thus fails to state a claim against the County.

### C. **Supervisory Liability**

Plaintiff names McDonnell as a defendant based on supervisory liability. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. However, in cases where the applicable standard is deliberate indifference, Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Id. (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" Id. at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Despite indicating that McDonnell was "Supervising Sheriff" of all LASD deputies, Plaintiff fails to set forth any specific allegations that

McDonnell personally participated in any of the alleged constitutional violations, or personally promulgated any policy that had a direct causal connection with the constitutional injuries of which Plaintiff complains. Complaint at 3. Nor does Plaintiff state any facts suggesting that McDonnell knowingly acquiesced to the alleged illegal acts. Therefore, Plaintiff's claims against McDonnell must be dismissed.

**D.    Scotti**

Plaintiff names his son as a plaintiff in this action and asserts that Scotti violated his son's constitutional rights. See Complaint at 1-2, 5. In order to have standing to sue in federal court, a plaintiff must have suffered a concrete and particularized injury that is "fairly traceable" to the defendant's challenged conduct and is "likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547-48 (2016). "Ordinarily, a party 'must assert his own legal rights' and 'cannot rest his claim to relief on the legal rights . . . of third parties.'" Sessions v. Morales-Santana, 137 S. Ct. 1678, 1689 (2017) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). Although in limited circumstances, a litigant may bring an action on behalf of a third party who is hindered from protecting his own interests, see Powers v. Ohio, 499 U.S. 400, 410-11 (1991), here Plaintiff is proceeding pro se and therefore may not bring claims on behalf of others, see Johns v. Cty of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).[2] As Plaintiff lacks standing to bring vicarious claims based on his son's injuries and cannot bring these claims on his son's behalf, these claims must be dismissed. See Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9, No. 17-08197, 2018 WL 3069461, at *2 (D. Ariz. June 21, 2018)

---

[2] To the extent that Plaintiff brings claims based on the violation of his fiancée's constitutional rights, such claims must also be dismissed as Plaintiff lacks standing and brings this action pro se. Additionally, the settlement of Matthews's 2017 lawsuit may preclude these claims.

(dismissing parent's Fourteenth Amendment claim based on his child's injuries because parent was proceeding pro se and lacked standing to bring a vicarious Fourteenth Amendment claim).

The allegations that Scotti violated Plaintiff's own constitutional rights also fail to state a claim. Although Plaintiff describes his emotional reaction upon hearing that Scotti sexually abused Matthews, he does not explain how this reaction evidences a violation of his own rights. See Complaint at 5. Construing the Complaint liberally, and in light of Plaintiff's allegations that his son suffered health complications, it appears that Plaintiff's sole potential claim under § 1983 would be that Scotti deprived him of familial companionship without due process of the law in violation of the Fourteenth Amendment. See Crowe v. Cty. of San Diego, 608 F.3d 406, 441 (9th Cir. 2010) ("It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. §] 1983.") (quoting Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001)); Mendoza v. Brewster Sch. Dist. No. 111, No. 05-00327, 2007 WL 2220202, at *2 (E.D. Wash. July 31, 2007) (noting that the right to familial companionship "has been recognized in cases that do not constitute a permanent deprivation" of the parent-child relationship). Because the Complaint provides limited information about the underlying incident or the health complications suffered by Plaintiff's son, the Court cannot ascertain whether Plaintiff can state a claim on this basis. Should Plaintiff wish to file an amended complaint, he should state all facts which relate to any potential loss of familial companionship with his son, including details about the alleged assault and about his son's health issues.

///

///

## V. CONCLUSION

For the foregoing reasons, the Complaint is subject to dismissal. Because it is not absolutely clear that the Complaint's deficiencies cannot be cured by amendment, dismissal is with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a First Amended Complaint ("FAC") within thirty-five (35) days of the date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned in this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that if he fails to timely file a FAC, this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Date: May 24, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge